FILED
SUPERIOR COURT
OF GUAM

2026 MAY -6 PM 3: 43

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

TAKECARE INSURANCE COMPANY, INC.,

Plaintiff,

vs.

BOARD OF TRUSTEES OF THE GOVERNMENT OF GUAM RETIREMENT FUND, and GOVERNMENT OF GUAM,

Defendants.

**CIVIL CASE NO. CV0789-25**

**DECISION AND ORDER GRANTING DEFENDANT BOARD OF TRUSTEES OF THE GOVERNMENT OF GUAM RETIREMENT FUND'S MOTION TO DISMISS**

Defendant Board of Trustees of the Government of Guam Retirement Fund moves to dismiss Plaintiff TakeCare Insurance Company, Inc.'s Complaint due to a lack of exhaustion of administrative remedies, sovereign immunity, and insufficient pleading. Upon review of the Complaint, the Group Health Insurance Agreement, the parties' briefs, and applicable law, the Court agrees that TakeCare failed to exhaust available administrative remedies. Thus, the Motion is GRANTED.

## I. FACTUAL BACKGROUND

TakeCare and the Government of Guam ("GovGuam") entered into a Group Health Insurance Agreement effective for the period from October 1, 2022, to September 30, 2023. Errata, Ex. 1 (Jan 21, 2026). Under the Agreement, TakeCare agreed to provide health coverage to GovGuam employees, retirees, and their dependents. *Id.*, arts. 3–4. The Agreement identifies GovGuam and TakeCare as the contracting parties; however, it also states that autonomous

ORIGINAL

agencies bear payment responsibility for their employee work groups, are accountable for balances due, and must resolve discrepancies directly with the carrier. *Id.*, arts. 2(A), 2(B)(12).

TakeCare alleges that the Retirement Fund owes $446,162.14 in unpaid fiscal year 2023 premiums. Compl. (Nov. 21, 2025). TakeCare also alleges, and the Retirement Fund does not dispute, that it sent invoices that went unanswered. Opp'n to Def.'s Mot. Dismiss Pl.'s Compl. (Feb. 17, 2026). Following the invoices, TakeCare sent emails to the Department of Administration, which did not result in any resolution. Decl. George N. Valdes, Exs. A-C (Feb. 17, 2026). Based on the Retirement Fund's alleged nonpayment, TakeCare asserts five claims: breach of contract, account stated, quantum meruit, unjust enrichment, and promissory estoppel. *See* Compl. The Retirement Fund now moves to dismiss all claims on jurisdictional and pleading grounds.

## II. LEGAL ANALYSIS

### A. TakeCare did not exhaust administrative remedies.

The Retirement Fund contends that TakeCare failed to exhaust available administrative remedies. Guam Supreme Court precedent has solidified enforcement of the doctrine of exhaustion: "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Barrett-Anderson v. Camacho*, 2015 Guam 20 ¶ 31 (citing *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006)). The doctrine's "basic purpose . . . is to lighten the burden of overworked courts in cases where administrative remedies are available." *Carlson v. Perez*, 2007 Guam 6 ¶ 69. Moreover, "exhaustion is preferred because agencies have the specialized personnel, experience and expertise to unearth relevant evidence and provide a record which a court may review." *Id.*

ORIGINAL

Article 11 of the Agreement sets forth a mandatory dispute resolution process that precedes any judicial claims. Errata, Ex. 1, art. 11. First, GovGuam and Takecare agree to try to reach a resolution of disputes. Second, "[i]f the controversy is not resolved by mutual agreement, then the TakeCare shall request GovGuam in writing to issue a final decision within sixty days after receipt of the written request." *Id.* Third, TakeCare can file a government claim with the OAG if GovGuam fails to issue a written decision within sixty days or issues a decision adverse to TakeCare. *Id.*

TakeCare concedes that in the emails it sent to DOA, it never took the step to "request GovGuam in writing to issue a final decision within sixty days." *Id.*; Hr'g at 2:07-10 (Mar. 10, 2026) (admitting no request for final decision). At the same time, it claims article 11 is vague because there were no forms to guide TakeCare on how to make such demand.

Setting aside TakeCare's contradictory positions, the Court disagrees that article 11 contained any ambiguity. Its language is clear and explicit: if the parties cannot reach a resolution, TakeCare must request that GovGuam issue a final decision within sixty days. *Wasson v. Berg*, 2007 Guam 16 ¶ 16 (contracts to be interpreted in light of their plain language); 18 GCA § 87104 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."). There was nothing complicated about making this request.

As a final point, TakeCare asks that should the Court find that it did not exhaust its administrative remedies, the Court allow TakeCare leave to undertake that process and then to eventually amend its Complaint. The Court declines to do this because it is unknown how long the administrative process will take. TakeCare's correspondence shows it has not even reached the first step of the dispute resolution process, which involves attempting to reach a mutual


ORIGINAL

resolution. TakeCare's series of emails appears to be administrative and operational communications concerning enrollment batches, requests for confirmation of receipt, and follow-up on outstanding payments or discrepancies. Decl. George N. Valdes, Exs. A-C. None of the emails assert a definitive amount owed, demand GovGuam's position, or present settlement terms; they merely seek operational assistance and explanations of the documents. Before TakeCare even sends a final demand, it must comply with the first step of the dispute resolution process and attempt a mutual resolution in good faith, which it has not done.

Since no part of the administrative exhaustion process has occurred, this matter is subject to dismissal.[1]

## B. Sovereign Immunity

The Fund also raises concerns about sovereign immunity, which could lead to dismissal under Guam Rule of Civil Procedure 12(b)(1). Sovereign immunity is waived only by clear legislative expression and is strictly construed in the government's favor. *Bautista v. San Agustin*, 2015 Guam 23 ¶ 18; *see also Pac. Rock Corp. v. Perez*, 2005 Guam 15 ¶ 24. Sovereign immunity extends to GovGuam instrumentalities. *Pac. Rock Corp. v. Dep't of Educ.*, 2001 Guam 21 ¶ 20. The Retirement Fund is such an instrumentality. *See* 5 GCA § 6102. The Government Claims Act does not apply to claims pertaining to the Retirement Fund, but *Bautista* recognizes statutory waivers for certain Retirement Fund programs, including the Defined Contribution (DC) and Deferred Compensation programs, but not the Defined Benefit Plan. *Bautista*, 2015

---

[1] It is unclear whether the Court lacks subject matter jurisdiction due to the failure to exhaust. When a *statute* requires exhaustion, a court does not attain subject matter jurisdiction until those remedies are complete. *Barrett-Anderson*, 2015 Guam 20 ¶ 32. Neither party has briefed whether, when a *government contract* requires exhaustion, subject matter jurisdiction is implicated. Nonetheless, the Court does not need to reach that question at this stage.

ORIGINAL

Guam 23 ¶¶ 26–29; 5 GCA § 6104; 4 GCA §§ 8204, 8304, 8404.

TakeCare asserts that it only seeks unpaid premiums for the DC plan, as alleged in paragraph 11 of its Complaint. However, other portions of the Complaint speak to a broader population. Under its claim for unjust enrichment, TakeCare seeks relief "for the reasonable value of the benefits from the health insurance coverage received by the Agency, its employees, retirees and their dependents." Compl. ¶ 33. Similarly, under its promissory estoppel claim, it contends that it "is entitled to just compensation for the health insurance coverage provided to the Agency, its employees, retirees, and their dependents." Compl. ¶ 41. Portions of these populations may fall under the DB Plan, for which the Fund has sovereign immunity.

As noted above, the purpose of the administrative review process is to ferret out the parties' positions on what is and is not owed. The Court lacks the benefit of a developed administrative record to determine what claims and accounts over which the Fund may claim sovereign immunity. The Court declines to render a final determination as to sovereign immunity on the claims before it because of these discrepancies and the inconsistencies among TakeCare's Complaint.[2]

## III.  CONCLUSION

TakeCare failed to complete the administrative exhaustion process. Accordingly, the Court GRANTS the Motion to Dismiss.

**SO ORDERED, 6 May 2026.**

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

---

[2] Having dismissed this action, the Court also finds it unnecessary to delve into the Fund's arguments about TakeCare's insufficient pleadings.

ORIGINAL

Appearing Attorneys:

Louie J. Yanza, Esq., Law Office of Louie J. Yanza, for Plaintiff TakeCare Insurance Company, Inc.

Joanne L. Grimes, Esq., and Arsima A. Muller, Esq., Carlsmith Ball LLP, and Vincent C. Camacho, Esq., Camacho Calvo Law Group LLC, for Defendant Board of Trustees of the Government of Guam Retirement Fund


ORIGINAL